UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| C.A. and L.A., by their parents and next<br>friends FRANCISCO AGUINAGA and<br>HORTENCIA MORENO,<br>       Plaintiffs, | )<br>)<br>)<br>)<br>) | |
| vs. | )<br>) | 1:06-cv-1736-SEB-JMS |
| AMLI AT RIVERBEND, L.P., AMLI<br>MANAGEMENT COMPANY,<br>WHIRLPOOL CORPORATION, PPF<br>AMLI TRS, L.L.C., and T-AML<br>RIVERBEND, L.L.C.,<br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) | |

**ENTRY DENYING PLAINTIFFS' MOTIONS TO STRIKE AND GRANTING
WHIRLPOOL CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

This cause comes before the Court on the Motion for Summary Judgment [Docket No. 44] filed by Defendant Whirlpool Corporation ("Whirlpool"), as well as two Motions to Strike [Docket Nos. 58 and 59] filed by Plaintiffs, C.A. and L.A., by their parents and next friends, Francisco Aguinaga and Hortencia Moreno.  For the reasons detailed in this entry, we <u>DENY</u> each of Plaintiffs' Motions to Strike and <u>GRANT</u> Whirlpool's Motion for Summary Judgment.

**<u>Factual and Procedural Background</u>**

This lawsuit arose after a tragic accident in which C.A. and L.A. – who were four and three years old, respectively, at the time – were seriously burned when on August 11, 2006 a Whirlpool electric range tipped over onto them at their residence, in an apartment

complex known as AMLI at Riverbend, located in Indianapolis, Indiana.  2nd Am. Compl. ¶¶ 12, 17; Whirlpool Mem. ¶¶ 1-3.  C.A. and L.A.'s parents brought this suit[1] on their behalf, seeking judgment against the apartment complex, property management company, and other entities connected to or affiliated with AMLI, as well as Whirlpool, the manufacturer of the range.  Specifically, Whirlpool is named as a defendant in two counts of the Second Amended Complaint – Count III (as to C.A.) and Count IV (as to L.A.) – in which Plaintiffs assert that Whirlpool breached its duty of reasonable care to users of its product by negligently designing, manufacturing, or distributing an electric range that tipped over, causing injury.  2nd Am. Compl. ¶¶ 25-35.

Whirlpool now moves for summary judgment, asserting that the Indiana Statute of Repose, Ind. Code § 34-20-3-1, bars Plaintiffs' product liability action against Whirlpool. Plaintiffs respond primarily by moving to strike the evidence cited by Whirlpool in support of its motion – namely, the affidavits of Charlotte Sparrow, Vice President of AMLI Residential Partners, L.L.C., and Marvin McDowell, a former manager in Whirlpool's Corporate Product Safety Department.  For the reasons outlined below, judgment must be awarded to Whirlpool.

---

[1] Plaintiffs initially filed a complaint in Marion Circuit Court on November 1, 2006; Defendants AMLI at Riverbend, L.P., and AMLI Management Company removed the case to our court on December 5, 2006, on diversity of citizenship grounds.

## Legal Analysis

**I.     Summary Judgment Standard of Review**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id., 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. Id. at 325.

3

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes.  Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).  Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate.  See Shields Enterprises, Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989).  But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated.  See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003).

## II.    The Indiana Statute of Repose and Whirlpool's Evidence

The Indiana Statute of Repose, Ind. Code § 34-20-3-1, provides in relevant part that:

> [A] product liability action must be commenced:
>
> (1) within two (2) years after the cause of action accrues; or
>
> (2) within ten (10) years after the delivery of the product to the initial user or consumer.
>
> However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues.

Thus, the statute "provides for a two-year statute of limitations, limited by a ten-years-

from-delivery clause." Braswell v. Flintkote Mines, Ltd., 723 F.2d 527, 529 (7th Cir.

1983); see also Dague v. Piper Aircraft Corp., 418 N.E.2d 207, 210 (Ind. 1981)

(recognizing that, though the disjunctive "or" renders the statute somewhat ambiguous,

the legislative intent underlying the statute is that an action "must be brought within two

years after it accrues, but in any event within ten years after the product is first delivered

to the initial user or consumer, unless the action accrues more than eight but less than ten

years after the product's introduction into the stream of commerce.").

Whirlpool asserts that Plaintiffs' claims against it are time-barred under the statute,

and that it is therefore entitled to judgment as a matter of law.  Whirlpool has adduced

evidence to establish that the electric range at issue was manufactured in the fourteenth

week of 1985, as indicated by its serial number, F51405089.  Whirlpool Mem. ¶¶ 5-6.  In

support of this assertion, it has introduced the affidavit of Marvin McDowell, who

worked as a Product Safety Manager at Whirlpool from 1990 to 2002, who asserts that,

"[b]ased on [his] knowledge of and experience with Whirlpool Corporation ranges . . .

[and] in accordance with the Whirlpool Corporation method of assigning serial numbers,"

the serial number F51405089 demonstrates that the range was manufactured in the

fourteenth week of 1985.  McDowell Aff. ¶¶ 3, 6.

Whirlpool further represents that, at the time AMLI purchased the subject

apartment (Apartment 1A) on July 13, 1993, the range had already been "sold, delivered,

and installed" in the apartment.  Whirlpool's Ex. 3 (AMLI at Riverbend's Responses to

Plaintiffs' Request for Production of Documents No. 5).  Whirlpool also submits the

affidavit of Charlotte Sparrow, Vice President of AMLI Residential Partners, L.L.C., who asserts that, "[b]ased upon [her] thorough review of AMLI Management Company records, there are no records to suggest that the Whirlpool Corporation electric range in Apartment 1A on July 13, 1993 was ever removed or replaced or that it was not the same electric range in Apartment 1A for use by the tenants on August 11, 2006." Sparrow Aff. ¶ 8.

In Whirlpool's estimation, this evidence establishes conclusively that the range was manufactured in the fourteenth week of 1985, and installed (i.e., delivered to the initial user) no later than July 13, 1993. Since Plaintiffs undisputedly did not file their claim until November 1, 2006 – more then ten years after the range was initially delivered/installed – Whirlpool argues that it is time-barred under the statute.

### III.   Plaintiffs' Motions to Strike

Plaintiffs respond to Whirlpool's motion by moving to strike the affidavits of Charlotte Sparrow and Marvin McDowell. They assert that, should their motions to strike be granted, Whirlpool's motion for summary judgment will be unsupported by any evidence, and should be denied. Pls.' Resp. at 1. Plaintiffs do not introduce any other evidence or arguments in support of their position. We shall accordingly first resolve Plaintiffs' motions to strike, and then return to our analysis of Whirlpool's summary judgment motion.

A.      Motion to Strike Affidavit of Charlotte Sparrow

Plaintiffs seek to strike the affidavit of Charlotte Sparrow, Vice President of AMLI

Residential Partners, L.L.C., on the basis that Ms. Sparrow has failed to comply with

Federal Rule of Civil Procedure 56(e).  That rule requires that "sworn or certified copies

of all papers . . . referred to in an affidavit shall be attached thereto or served therewith."

Plaintiffs assert that Ms. Sparrow has violated the rule by not "attach[ing] the required

documents" to her affidavit, and notes further that, "without the records, Plaintiff[s]

[have] no way to cross examine this witness on her conclusions and the legitimacy

thereof."  Mot. to Strike (Sparrow) at 2.

However, as Whirlpool points out, Ms. Sparrow declares in her affidavit that

"there are *no* records to suggest" (emphasis added) that the Whirlpool range at issue was

removed or replaced after AMLI purchased the unit in 1993.  Therefore, there are no

documents to attach.  Whirlpool also notes that Plaintiffs chose not to depose Ms.

Sparrow.

Plaintiffs did not respond to Whirlpool's arguments or specify which documents

they would have liked to have seen that they believe were withheld.  Were there no

removal or replacement of the range unit since 1993, as Ms. Sparrow attests, it is plainly

logical that there would be no record of removal or replacement.  Therefore, finding no

basis on which to conclude that Ms. Sparrow's affidavit violated F.R.C.P. 56(e), we

DENY Plaintiffs' Motion to Strike as to Ms. Sparrow.

B.      Motion to Strike Affidavit of Marvin McDowell

Plaintiffs additionally seek to strike the affidavit of Marvin McDowell,

specifically, his declarations regarding the age of the range as revealed by the unit's serial

number.  Plaintiffs maintain that, while Mr. McDowell's affidavit asserts that it is based

on his personal knowledge, his deposition testimony indicates that his conclusions were

based on "an oral history someone told him" and a system that had been "'described' to

him by others."  Mot. to Strike (McDowell) at 1-2.

In Mr. McDowell's deposition, as cited in Plaintiffs' motion, he showed Plaintiffs'

counsel what counsel characterizes as a "cheat sheet" that he had created, which he used

to correlate serial numbers with the year of manufacture.  When asked whether he had

ever seen this system described in writing, Mr. McDowell stated that he had not, aside

from "cheat sheets" like the one he had created.  Id. at 3.  He further indicated that the

"cheat sheet" was not based on any official Whirlpool document:

> Q.      So your cheat sheet is based on an oral history someone told you?
>
> A.      Uh-huh.
>
> Q.      And it's not based on any reference to any official documents at
>         Whirlpool; correct?
>
> A.      Not that I'm aware of at this time.

Id. at 4.  Mr. McDowell continued in his testimony, by explaining that the serial number

configuration system was common knowledge within the company:

8

Q.    Is there any way to double-check your conclusions with regard to the date of manufacture of this stove with reference to the serial number?

A.    Sure.  You could ask anyone else.

Q.    Who?

A.    Well, anybody that works, say, in the claims department.  They do the same – I mean if I showed them this, somebody that I worked with in claims, and said "What's the date of manufacture", I'm confident that anybody on that list would look at it and say the 14th week of '85.

Q.    Okay.

A.    I think it's probably just become such a common point of reference in our file, you know, that it's – it kind of becomes like the calendar, you know, if you will.

Id. at 6.

Plaintiffs' counsel then showed Mr. McDowell a photograph of a serial number from a Whirlpool stove in counsel's own house, and asked Mr. McDowell to interpret the date of manufacture from the serial number.  Mr. McDowell stated that the serial number was confusing, because the serial number contained an "X" which, according to his understanding of the serial number configuration, would indicate that the unit had been produced in 2010, clearly an impossibility.  Therefore, Mr. McDowell opined that he "wonder[ed] . . . whether that X could mean some kind of prototype unit.  It could be that X has some special designation outside the normal serial number configuration.  But without more knowledge than I have . . . at least I can only say that right now that X

9

would not fit what I recognize to be the relative age of this unit and my understanding of the configuration of the serial number. . . . I would say that the serial number represented . . . does not appear to be consistent with the configuration that I understood to be recognized and accepted on our products at Whirlpool." Id. at 7-10.  Plaintiffs rely on Mr. McDowell's lack of knowledge regarding the date of manufacture of counsel's stove – which, of course, is not the subject of this lawsuit – to support the proposition that Mr. McDowell's methodology is unreliable.

Plaintiffs' arguments are unconvincing.  It is clear that Mr. McDowell – who worked with Whirlpool for sixteen years, twelve of which were as a Product Safety Manager – was speaking from personal knowledge and experience when he interpreted the serial number on the subject range.  Mr. McDowell's deposition testimony establishes that the serial number configuration system was an established custom and practice at his long-time workplace; Plaintiffs have introduced no evidence to controvert Mr. McDowell's statements to this effect.

Further, Plaintiffs' counsel's "test" of Mr. McDowell's methodology in seeking to have him interpret the serial number on counsel's personal stove does not undermine Mr. McDowell's veracity regarding the subject range or Whirlpool's customs regarding serial number configuration.  Mr. McDowell speculated that the range he was shown might have been a prototype or otherwise did not conform to the system with which he was familiar; Plaintiffs have not introduced any evidence establishing that Mr. McDowell was mistaken in this assertion.  Because Plaintiffs' attacks on Mr. McDowell's knowledge and

methodology are unavailing, we <u>DENY</u> their Motion to Strike as to Mr. McDowell.

**IV.     Whirlpool's Motion for Summary Judgment**

It is clear that there is no genuine factual dispute that the Whirlpool electric range was installed prior to 1993, which triggers the restrictions in the statute of repose. Plaintiffs' attempts to pick apart Whirlpool's evidence to avoid the statute of repose are ill-founded and neither create a dispute as to any material fact or the inevitability of the effect of the statute of limitations.[2]

Moreover, Plaintiffs introduce absolutely no evidence of their own to controvert any of Whirlpool's assertions.  As the party seeking summary judgment based on the statute of repose, Whirlpool bears the initial burden of identifying evidence tending to show that the range was installed more than ten years before the accident.  <u>See</u> <u>Avery v. Mapco Gas Prods., Inc.</u>, 18 F.3d 448, 452 (7th Cir. 1994).  Having satisfied that burden, Plaintiffs "are obligated to come forward with evidence sufficient to establish a genuine factual dispute as to when the [range] was installed.  Because [Plaintiffs] would bear the burden at trial of establishing avoidance of the statute of repose . . . their failure to offer proof sufficient to support a jury finding in their favor on this point [compels] summary

---

[2] We note that, after Plaintiffs moved to strike the affidavits of Ms. Sparrow and Mr. McDowell, Whirlpool submitted supplementary evidence, to wit, a "Model Master List," purporting to show that the range model at issue was not manufactured after the year 1986. Plaintiffs urge us to disregard the document because it is unauthenticated and because its meaning is not readily apparent on its face.  Because we hold that Whirlpool has met its burden for summary judgment based on the evidence it had previously adduced, we have not considered the "Model Master List" in reaching our holding.  Similarly we do not address the additional arguments made in Whirlpool's second supplemental briefing, or Plaintiffs' surreply thereto.

judgment" in Whirlpool's favor.  <u>Id.</u>  Plaintiffs' mere speculations are insufficient to preclude summary judgment.  <u>See id.</u> at 453-54 (noting that a defendant "is not required to negate each and every possibility that might enable [plaintiffs] to avoid the statute of repose. . . . [Plainitiffs] must flesh out their theory with evidence; speculation will not do.").  Accordingly, Whirlpool's motion for summary judgment is <u>GRANTED</u>.

## V.      Conclusion

For the reasons we have discussed in this entry, Whirlpool's Motion for Summary Judgment is <u>GRANTED</u>, and each of Plaintiffs' Motions to Strike is <u>DENIED</u>.  IT IS SO ORDERED.

Date:  01/10/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

John D. Hocutt
NALL & MILLER, LLP
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, GA 30303

Stanley  Kahn
THE LAW OFFICE OF STANLEY KAHN
kahn@iquest.net

Wayne C. Kreuscher
BARNES & THORNBURG LLP
wayne.kreuscher@btlaw.com

George R. Neuhauser
NALL & MILLER, LLP
gneuhauser@nallmiller.com

Adriane Y. Sammons
NALL & MILLER, LLP
asammons@nallmiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

D. Bryce Zoeller
KIGHTLINGER & GRAY
bzoeller@k-glaw.com