UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| C.A. et al, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|   vs. ) | | 1:06-cv-1736-SEB-JMS |
| ) | | |
| AMLI AT RIVERBEND LP et al, ) | | |
|     Defendant. ) | | |

**ENTRY ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND TO QUASH PLAINTIFFS' PENDING DEPOSITION NOTICES AND SUBPOENAS**

This matter is before the magistrate judge on Defendants' Motion for Protective Order and to Quash Plaintiffs' Pending Deposition Notices and Subpoenas (Dkt. # 134). The matter is fully briefed and ripe for ruling. Subsequently, Plaintiffs filed a Motion for Leave to File Sur-Reply (Dkt. # 141), to which Defendants filed an objection. Finding further briefing to be unnecessary to her decision, the magistrate judge **DENIES** Plaintiffs' Motion for Leave to File Sur-reply. Being duly advised, the magistrate judge **GRANTS** the Defendants' Motion for Protective Order for the reasons set forth below.

On March 18, 2008, Plaintiffs served notices and subpoenas to Defendants for thirty of their corporate officers and directors. The deponents are located in Seattle, Washington, Los Angeles, California, Dallas, Texas, Atlanta, Georgia and Chicago, Illinois. Defendants assert it is extremely burdensome and expensive for them to appear for all of these depositions, particularly when none of the individuals possesses any personal knowledge about the accident that is the subject of this lawsuit. Defendants suggest that a 30(b)(6) deposition would be more appropriate, and further propose Plaintiffs first depose Charlotte Sparrow, Defendants' Vice-

President of Legal and Risk Management.  Ms. Sparrow was the signatory to Defendants' responses to Plaintiffs' interrogatories.

In response, Plaintiffs first assert that Defendants failed to comply with the Court's entry of April 8, 2008 (Dkt. # 133), and on this basis alone, their motion should be denied.  In that entry, the magistrate judge instructed the parties to conduct a meaningful conference, either in person or by telephone, prior to filing this motion.  It appears no such conference took place.  In their reply, Defendants direct the Court to Exhibit B of their motion as evidence they did attempt to resolve this dispute.  However, Exhibit B contains an e-mail exchange that occurred prior to the April 8th entry, and therefore clearly cannot demonstrate compliance with the magistrate judge's April 8th order.

Defendants then note their attempt to resolve this dispute by requesting the telephone conference with the magistrate judge on April 8th, during which Plaintiffs' objected to proceeding via informal conference with the Court to resolve the dispute, preferring to have Defendants file the instant motion.  While this is true, the magistrate judge clearly contemplated an *additional* in-person or telephone conference between the parties should occur prior to the filing of any motion on this issue.  Defendants, therefore, did not comply with the Court's order, and filed this motion three days later.  On the other hand, the order was directed to *the parties*, and Plaintiffs have not alleged that they attempted to initiate a conference with Defendants to no avail.  Given this fact, and Plaintiffs' reluctance to discuss the dispute during the phone conference with the magistrate judge, the magistrate judge finds both parties are equally at fault in failing to comply with her April 8th order.

Moving to the merits of the dispute, Plaintiffs argue Defendants have produced no evidence in support of their burdensome and expense arguments.  While this is clearly the case,

Defendants counter that it is the cumulative effect of thirty depositions of corporate officers that constitutes an undue burden, a fact that is obvious and need not be included in an affidavit.

Surprisingly, Defendants do not include in their burdensome argument the fact that Plaintiffs failed to seek leave of court to conduct in excess of ten depositions as required by Rule 30(a)(2)(A)(i).  The Court presumes that the parties have not agreed to conduct more than ten depositions, considering Defendants filed this motion.  Thus, on this basis alone, twenty of the depositions scheduled by Plaintiffs are clearly improper.

Defendants state in their reply that they have not argued that the deposition of each officer should be precluded due to burden, but that the cumulative effect of thirty depositions of corporate officers is burdensome.  Given the Rule cited above, the Court agrees.  Therefore, the Court **GRANTS** Defendants' Motion for Protective Order and to Quash Plaintiffs' Pending Deposition Notices and Subpoenas solely on the basis that thirty depositions exceeds the number permissible per Rule 30(a)(2)(A)(i), and the cumulative effect is therefore unduly burdensome.  This ruling in no way addresses whether a deposition of any specific corporate officer is unduly burdensome.

Prior to any further deposition scheduling by Plaintiffs, the magistrate judge **ORDERS** the parties to meet and confer in person or by telephone, making a reasonable effort to reach agreement, discussing **all** issues with respect to further scheduling of depositions of Defendants' corporate officers.  In the Court's view, a reasonable effort to reach agreement "means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so." *Payless Shoesource Worldwide, Inc. v. Target Corp.*, 237 F.R.D. 666, 670 (D. Kan. 2006).  The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal

judicial intervention. See *Airtex Corp. v. Shelley Radiant Ceiling Co.,* 536 F.2d 145, 155 (7th Cir. 1976)(finding Airtex's interrogatory answers did not "comport with the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules.").

**SO ORDERED.**

05/07/2008

                                                *[signature: Jane Magnus-Stinson]*
                                                Jane Magnus-Stinson
                                                United States Magistrate Judge
Distribution:[1]                                      Southern District of Indiana

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

John D. Hocutt
NALL & MILLER, LLP
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, GA 30303

Stanley Kahn
THE LAW OFFICE OF STANLEY KAHN
kahn@iquest.net

Wayne C. Kreuscher
BARNES & THORNBURG LLP
wayne.kreuscher@btlaw.com

George R. Neuhauser

---

[1]Please note that the court will not mail copies of this entry to those attorneys of record who have not provided their email address to the court. As of September 1, 2004, the failure to register for the court's electronic filing system constitutes a violation of Local Rule 5.7(b). It is the responsibility of co-counsel who are registered to ensure that the entry is distributed to all non-registered counsel, and registered co-counsel also should urge all counsel to comply with the local rule and register to use the court's electronic filing system so that they may receive notice of future entries from the court by email. Information on how to register may be found on the court's website at http://www.insd.uscourts.gov/ecf_info.htm.

NALL & MILLER, LLP
gneuhauser@nallmiller.com

Adriane Y. Sammons
NALL & MILLER, LLP
asammons@nallmiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

D. Bryce Zoeller
KIGHTLINGER & GRAY
bzoeller@k-glaw.com