UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| C.A., et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 1:06-cv-1736 SEB-DML |
| vs. ) | |
| ) | |
| AMLI AT RIVERBEND, L.P., et. al, ) | |
| ) | |
| Defendants. ) | |

**ORDER OVERRULING APPEAL OF MAGISTRATE JUDGE'S
DECISION TO DISTRICT COURT**
(Docket No. 186)

Plaintiffs, by counsel, filed a Motion to Compel Defendants' Answers to Interrogatories. [Docket No. 165.] The Magistrate Judge entered her decision on the Motion in a written order dated January 30, 2009. [Docket No. 182.] Now before the Court is Plaintiffs' appeal to three specific rulings previously entered by the Magistrate Judge. [Docket No. 186.] For the following reasons, the appeal of the Magistrate Judge's decision is **OVERRULED**.

Plaintiffs' first objection is to the Magistrate Judge's failure to specifically rule on **Interrogatory 15**. Assuming the Magistrate Judge's failure to specifically resolve this portion of Plaintiffs' prolix motion was through inadvertence, the Court notes that the record does not reflect any attempt by Plaintiffs' counsel to bring this oversight to the attention of the Magistrate Judge in order to secure a ruling. Thus, the appeal of that matter is not ripe for decision by the undersigned judge.

However, in an effort forestall further delay in getting these discovery issues resolved and

putting aside for now the fact that this part of Plaintiffs' appeal is not ripe for a decision, the Court shall address the merits of the motion to compel, noting in particular that Defendants' response to the request appears to us to comport fully with the requirements of Fed. R. Civ. P. Rule 33(d), and thus there is no basis for an order to compel.

Interrogatory 15, fairly summarized, advances Plaintiffs' request that Defendants fully identify all the properties it owned or managed within the United States for a 16 month time period dating back to 1993. After some back-and-forthing, Defendants disclosed that they do not, as a routine business practice, keep a master list of properties they owned and/or managed since 1993. They have, however, in previous years created a Portfolio List for internal business purposes, but a complete, up to date set of those listings has not been retained and is thus not available. To produce such a compilation would require that Defendants attempt to reconstruct such a record. Defendants did, however, attach copies of the List which it had accumulated covering approximately 44 separate time periods. Defendants also noted that certain of the requested information would be available through public SEC filings equally available to the Plaintiffs. Plaintiffs viewed Defendants' response to be inadequate. Thus, this appeal.

Fed. R. Civ. P. 33(d) provides in applicable part as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, insufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or

summaries.

Defendants are not under any obligation to give Plaintiffs more than they have in terms of discoverable materials. Defendants represent that they have gathered together everything they can find and made it available to Plaintiffs. There is, accordingly, no basis on which the Court should or could order them to do more. The motion to compel a more complete response by Defendants to Interrogatory 15 is therefore denied.

**Interrogatory 27** requests the "complete names, job functions, social security numbers, and addresses of all of your employees that worked at the apartment complex which is the subject matter of this lawsuit from the date you first began managing and or (sic) owning the apartment complex until the date of the incident." Defendants objected on the grounds of overbreadth and burdensomeness, but provided a list of their employees between 2000 and September 2006. Defendants' response noted that, due to software limitations, the list did not include employees who transferred to or from other apartment communities to or from Riverbend. To provide that information, according to Defendants, they would be required to "sort through 7 years of boxes (located) in off-site storage and pull, by hand, the employment record for this property on a day by day basis," which would amount to a total of 2.555 separate reports.

Plaintiffs seek the information despite the referenced hardships. The Magistrate Judge denied their motion to compel. Plaintiffs appeal this ruling as well. On appeal, Plaintiffs contend Defendants' "decision to keep employee information in an unorganized, decentralized fashion" should not excuse them from providing relevant, necessary discovery.

We shall not overturn the Magistrate Judge's ruling. There is no allegation by Plaintiffs, nor any other basis for concluding, that the ruling was clearly erroneous or contrary to law, as required

by Fed. R. Civ. P. 72(a). Further, as referenced above, Fed. R. Civ. P. 33(d), does not require the responding party to an interrogatory or other discovery request to do more, or give over more, that it is able to do based on the data base in maintains. Defendants' efforts to provide the requested material were reasonable and adequate. We conclude that their response suffices under the applicable rules of procedure.

Finally, **<u>Interrogatory 34</u>**, as propounded by Plaintiffs, seeks all information regarding Defendants' purchases or installations of "free standing ranges" in all their building and whether an anti-tip device was provided by the manufacturer and/or installed, including the names, addresses, titles and telephone numbers of any person who purchased and/or installed the subject ranges.

Defendants response was, generally, that this information was not readily available, if it was available at all. Anticipating that "at least one free-standing range was bought and/or installed at an apartment complex owned by AMLI," without reviewing all accounting records and individual purchase orders for every property for every year, this information could not be obtained. Further, it would be virtually impossible to determine who installed the range(s). Plaintiffs rejoined that "Defendants (sic) answer is evasive and non-responsive."

The Magistrate Judge ruled:

> Granted, to the extent that the defendants shall review a random sampling of their records relating to range purchases during the relevant period to determine whether documents in their possession identify whether the range at issue did or did not have an anti-tip device. If the random sampling reveals that at least some records may provide that information, the parties shall confer as required by L.R. 37.1 to determine if they can agree on an approach for obtaining further information on purchases that included anti-tip devices.

On appeal, Plaintiffs contend that the Magistrate Judge's Order is "vague and unclear as to what Defendant is compelled to provide." "Random sampling" and "relevant period" do not provide

the necessary guidance as to what Defendants are required to produce and Plaintiffs can expect to receive. The Court should require an "unequivocal statement compelling the Defendants to respond."

To the extent that Plaintiffs' appeal seeks clarification of the Magistrate Judges' order, rather than its reversal, again the record is silent as to any attempts by Plaintiffs to secure that clarification or elaboration directly from the Magistrate Judge. Thus, the appeal of her ruling is not ripe.

To the extent that Plaintiffs seek a reversal of her order, they have advanced no argument to show that it is clearly erroneous or contrary to law, per Fed. R. Civ. P. 72.

To the extent that Plaintiffs desire to have this judge direct the Defendants to keep better records or to compile them in a form that makes the information more accessible to Plaintiffs or to go back and create the records with sufficient detail to inform the Plaintiffs investigation of its case, Fed. R. Civ. P. 33(d) simply provides no basis for such a ruling.

For the above explained reasons, the Magistrate Judge's order(s) are each affirmed and Plaintiffs' appeal is **OVERRULED**.

IT IS SO ORDERED.

Date: 06/03/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Gary W. Bippus
INDIANA OFFICE OF THE ATTORNEY GENERAL
gary.bippus@atg.in.gov

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

John D. Hocutt
NALL & MILLER, LLP
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, GA 30303

Stanley Kahn
THE LAW OFFICE OF STANLEY KAHN
kahn@iquest.net

Wayne C. Kreuscher
BARNES & THORNBURG LLP
wayne.kreuscher@btlaw.com

George R. Neuhauser
NALL & MILLER, LLP
gneuhauser@nallmiller.com

Adriane Y. Sammons
NALL & MILLER, LLP
asammons@nallmiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

D. Bryce Zoeller
KIGHTLINGER & GRAY
bzoeller@k-glaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| C.A., et. al,                ) | |
|                                     ) | |
|         Plaintiffs,          ) | |
|                                     ) | 1:06-cv-1736 SEB-DML |
|     vs.                         ) | |
|                                     ) | |
| AMLI AT RIVERBEND, L.P., et. al,  ) | |
|                                     ) | |
|         Defendants.     ) | |

**ORDER OVERRULING APPEAL OF MAGISTRATE JUDGE'S
DECISION TO DISTRICT COURT**
(Docket No. 186)

Plaintiffs, by counsel, filed a Motion to Compel Defendants' Answers to Interrogatories. [Docket No. 156.] The Magistrate Judge entered her decision on the Motion in a written order dated January 30, 2009. [Docket No. 182.] Now before the Court is Plaintiffs' appeal to three specific rulings previously entered by the Magistrate Judge. [Docket No. 186.] For the following reasons, the appeal of the Magistrate Judge's decision is **OVERRULED**.

Plaintiffs' first objection is to the Magistrate Judge's failure to specifically rule on **Interrogatory 15**. Assuming the Magistrate Judge's failure to specifically resolve this portion of Plaintiffs' prolix motion was through inadvertence, the Court notes that the record does not reflect any attempt by Plaintiffs' counsel to bring this oversight to the attention of the Magistrate Judge in order to secure a ruling. Thus, the appeal of that matter is not ripe for decision by the undersigned judge.

However, in an effort forestall further delay in getting these discovery issues resolved and

putting aside for now the fact that this part of Plaintiffs' appeal is not ripe for a decision, the Court shall address the merits of the motion to compel, noting in particular that Defendants' response to the request appears to us to comport fully with the requirements of Fed. R. Civ. P. Rule 33(d), and thus there is no basis for an order to compel.

Interrogatory 15, fairly summarized, advances Plaintiffs' request that Defendants fully identify all the properties it owned or managed within the United States for a 16 month time period dating back to 1993. After some back-and-forthing, Defendants disclosed that they do not, as a routine business practice, keep a master list of properties they owned and/or managed since 1993. They have, however, in previous years created a Portfolio List for internal business purposes, but a complete, up to date set of those listings has not been retained and is thus not available. To produce such a compilation would require that Defendants attempt to reconstruct such a record. Defendants did, however, attach copies of the List which it had accumulated covering approximately 44 separate time periods. Defendants also noted that certain of the requested information would be available through public SEC filings equally available to the Plaintiffs. Plaintiffs viewed Defendants' response to be inadequate. Thus, this appeal.

Fed. R. Civ. P. 33(d) provides in applicable part as follows:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, insufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or

summaries.

Defendants are not under any obligation to give Plaintiffs more than they have in terms of discoverable materials. Defendants represent that they have gathered together everything they can find and made it available to Plaintiffs. There is, accordingly, no basis on which the Court should or could order them to do more. The motion to compel a more complete response by Defendants to Interrogatory 15 is therefore denied.

**Interrogatory 27** requests the "complete names, job functions, social security numbers, and addresses of all of your employees that worked at the apartment complex which is the subject matter of this lawsuit from the date you first began managing and or (sic) owning the apartment complex until the date of the incident." Defendants objected on the grounds of overbreadth and burdensomeness, but provided a list of their employees between 2000 and September 2006. Defendants' response noted that, due to software limitations, the list did not include employees who transferred to or from other apartment communities to or from Riverbend. To provide that information, according to Defendants, they would be required to "sort through 7 years of boxes (located) in off-site storage and pull, by hand, the employment record for this property on a day by day basis," which would amount to a total of 2.555 separate reports.

Plaintiffs seek the information despite the referenced hardships. The Magistrate Judge denied their motion to compel. Plaintiffs appeal this ruling as well. On appeal, Plaintiffs contend Defendants' "decision to keep employee information in an unorganized, decentralized fashion" should not excuse them from providing relevant, necessary discovery.

We shall not overturn the Magistrate Judge's ruling. There is no allegation by Plaintiffs, nor any other basis for concluding, that the ruling was clearly erroneous or contrary to law, as required

3

by Fed. R. Civ. P. 72(a). Further, as referenced above, Fed. R. Civ. P. 33(d), does not require the responding party to an interrogatory or other discovery request to do more, or give over more, that it is able to do based on the data base in maintains. Defendants' efforts to provide the requested material were reasonable and adequate. We conclude that their response suffices under the applicable rules of procedure.

Finally, **<u>Interrogatory 34</u>**, as propounded by Plaintiffs, seeks all information regarding Defendants' purchases or installations of "free standing ranges" in all their building and whether an anti-tip device was provided by the manufacturer and/or installed, including the names, addresses, titles and telephone numbers of any person who purchased and/or installed the subject ranges.

Defendants response was, generally, that this information was not readily available, if it was available at all. Anticipating that "at least one free-standing range was bought and/or installed at an apartment complex owned by AMLI," without reviewing all accounting records and individual purchase orders for every property for every year, this information could not be obtained. Further, it would be virtually impossible to determine who installed the range(s). Plaintiffs rejoined that "Defendants (sic) answer is evasive and non-responsive."

The Magistrate Judge ruled:

> Granted, to the extent that the defendants shall review a random sampling of their records relating to range purchases during the relevant period to determine whether documents in their possession identify whether the range at issue did or did not have an anti-tip device. If the random sampling reveals that at least some records may provide that information, the parties shall confer as required by L.R. 37.1 to determine if they can agree on an approach for obtaining further information on purchases that included anti-tip devices.

On appeal, Plaintiffs contend that the Magistrate Judge's Order is "vague and unclear as to what Defendant is compelled to provide." "Random sampling" and "relevant period" do not provide

4

the necessary guidance as to what Defendants are required to produce and Plaintiffs can expect to receive. The Court should require an "unequivocal statement compelling the Defendants to respond."

To the extent that Plaintiffs' appeal seeks clarification of the Magistrate Judges' order, rather than its reversal, again the record is silent as to any attempts by Plaintiffs to secure that clarification or elaboration directly from the Magistrate Judge. Thus, the appeal of her ruling is not ripe.

To the extent that Plaintiffs seek a reversal of her order, they have advanced no argument to show that it is clearly erroneous or contrary to law, per Fed. R. Civ. P. 72.

To the extent that Plaintiffs desire to have this judge direct the Defendants to keep better records or to compile them in a form that makes the information more accessible to Plaintiffs or to go back and create the records with sufficient detail to inform the Plaintiffs investigation of its case, Fed. R. Civ. P. 33(d) simply provides no basis for such a ruling.

For the above explained reasons, the Magistrate Judge's order(s) are each affirmed and Plaintiffs' appeal is **OVERRULED**.

IT IS SO ORDERED.

Date: _____

Copies to:

Gary W. Bippus
INDIANA OFFICE OF THE ATTORNEY GENERAL
gary.bippus@atg.in.gov

Kevin Edward Deville
THE LAW OFFICE OF STANLEY KAHN
kdeville@stanleykahn.com

John D. Hocutt
NALL & MILLER, LLP
Suite 1500, North Tower
235 Peachtree Street, N.E.
Atlanta, GA 30303

Stanley Kahn
THE LAW OFFICE OF STANLEY KAHN
kahn@iquest.net

Wayne C. Kreuscher
BARNES & THORNBURG LLP
wayne.kreuscher@btlaw.com

George R. Neuhauser
NALL & MILLER, LLP
gneuhauser@nallmiller.com

Adriane Y. Sammons
NALL & MILLER, LLP
asammons@nallmiller.com

Michael Wroblewski
KIGHTLINGER & GRAY
mwroblewski@k-glaw.com

D. Bryce Zoeller
KIGHTLINGER & GRAY
bzoeller@k-glaw.com